# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION AT CINCINNATI

WILLIAM STRINGER,

                       Petitioner,            :     Case No. 1:14-cv-336

      - vs -                                  District Judge William O. Bertelsman
                                                Magistrate Judge Michael R. Merz

WARDEN, Hocking
 Correctional Institution,

                                       :

                   Respondent.

# REPORT AND RECOMMENDATIONS

       This is an action on a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254.  Mr.

Stringer seeks relief from his convictions for murder, tampering with evidence, and abuse of a

corpse and consequent sentence of imprisonment of twenty-three years to life.

> **Ground One:**  Ohio Defense Law:  Judge Helmick did not instruct the jury on self-defense.  Judge Helmick did not let my witness testify.  Timothy Wagner was with Alan Farringer and ran off [;] my attorney did not bring this up.  The law – if you have no proof that he killed him intentionally you can't say he's guilty.

(Petition, Doc. No. 3, PageID 35.)

> **Ground Two**:  Police had drug dealers to testify they knew me.  I never did use drugs or drank [sic] liquor.

*Id.*  at PageID 36.  At PageID 44-46, Stringer recites nine assignments of error which the Court

1

reads as his effort to comply with the requirements of the standard 2254 form to list assignments of error raised on direct appeal; Stringer has not used the space provided on the form for a third or fourth ground for relief.

In the Return of Writ the Warden asserts all of Stringer's claims are barred by his procedural defaults in presenting them to the Ohio courts. Stringer has never replied to that defense and in fact has filed no reply at all to the Return of Writ.

The procedural default doctrine in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 750 (1991); *see also Simpson v. Jones*, 238 F.3d 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional rights claim he could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107, 110 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000)(citation

omitted); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle*, 456 U.S. at 110; *Wainwright*, 433 U.S. at 87. *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia*, 372 U.S. 391 (1963). *Coleman*, 501 U.S. at 724.

"A claim may become procedurally defaulted in two ways." *Lovins v. Parker*, 712 F.3d 283, 295 (6th Cir. 2013), *quoting Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). First, a claim is procedurally defaulted where state-court remedies have been exhausted within the meaning of § 2254, but where the last reasoned state-court judgment declines to reach the merits because of a petitioner's failure to comply with a state procedural rule. *Id*. Second, a claim is procedurally defaulted where the petitioner failed to exhaust state court remedies, and the remedies are no longer available at the time the federal petition is filed because of a state procedural rule. *Id*.

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright*. *Murray*, 477 U.S. at 485; *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155, 160 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94, 97 (6th Cir.), *cert denied,* 474 U.S. 831 (1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838, 848 (1999)(citations omitted). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423, 437 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006)(quoting O'Sullivan v. Boerckel, 526 U.S. 838, 846-7(1999)); see also Deitz v. Money, 391 F.3d 804, 808 (6th Cir. 2004) ("A federal court is also barred from hearing issues that could have been raised in the state courts, but were not[.]"). The corollary to this rule is that where a petitioner raised a

claim in the state court but in violation of a state's procedural rule, a state court must expressly reject the claim on that procedural ground for a federal court to deem the claim defaulted. *See Williams*, 460 F.3d at 806 (noting that a state court's expressed rejection of a petitioner's claim on procedural basis and petitioner's complete failure to raise a claim in state court are the two ways a claim can be in procedural default).

Review of the state court record in light of the Return of Writ shows that the Warden's position is well taken. It is therefore respectfully recommended that the Petition be dismissed with prejudice as barred by procedural default. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied a certificate of appealability and the Court should certify to the Sixth Circuit that any appeal would be objectively frivolous and therefore should not be permitted to proceed *in forma pauperis*.

June 5, 2015.

s/ *Michael R. Merz*
United States Magistrate Judge

4

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(d), this period is extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(C), (D), (E), or (F). Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 153-55 (1985).